IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 6, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ZACH TOLLEY and JAMA TOLLEY,**
**Plaintiffs Below, Petitioners**

**v.) No. 25-ICA-382**      (Cir. Ct. Fayette Cnty. Case No. CC-10-2023-C-46)

**BOONE EAST DEVELOPMENT COMPANY,**
**AUXIER WELDING, INC., LEXINGTON COAL**
**COMPANY, LLC, JACKS BRANCH COAL**
**COMPANY, and SPARTAN MINING COMPANY,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**

Petitioners Zach Tolley and Jama Tolley (the "Tolleys") appeal the Circuit Court of Fayette County's August 25, 2025, order granting summary judgment and dismissing the Tolleys' flood damage claims against Respondents Boone East Development Company ("Boone East"), Auxier Welding, Inc. ("Auxier"), Lexington Coal Company, LLC ("Lexington Coal"), Jacks Branch Coal Company ("Jacks Branch"), and Spartan Mining Company ("Spartan"), with prejudice. Respondents filed a joint response.[1] The Tolleys filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

This matter concerns flooding that occurred in the Cannelton area of Fayette County on August 15, 2022. The Tolleys' property is located adjacent to the property of Sue Tolley,

---

[1] The Tolleys are represented by G. Patrick Jacobs, Esq., and John H. Skaggs, Esq. Boone East, Jacks Branch, and Spartan are represented by Jonathan L. Anderson, Esq., M. Shane Harvey, Esq., and Colton J. Koontz, Esq. Lexington Coal is represented by Allison M. Subacz, Esq., and Eric T. Frye, Esq. Auxier is represented by Heather M. Noel, Esq., and J. Robert Russell, Esq.

1

Zach Tolley's mother. On April 10, 2023, Sue Tolley filed an action in the Circuit Court of Fayette County, arising from the same flooding event.[2]

Sue Tolley testified at her deposition that in September 2022, she posted on social media and distributed flyers advertising a meeting with her attorney to be held at a local union hall on October 13, 2022, regarding potential flood litigation and invited other flood victims to attend. In Mr. Tolley's deposition, he acknowledged awareness of these communications and indicated that he had shared or promoted them. On September 2, 2022, he posted on social media about a lawsuit being organized and encouraged affected individuals to participate. He also shared Sue Tolley's post concerning the October 13, 2022, meeting. The Tolleys stated that they attended that meeting with their attorney.

On February 20, 2025, the Tolleys filed this action seeking damages for alleged harm to their property resulting from the flooding. On June 16, 2025, Boone East, Jacks Branch, and Spartan filed a motion for summary judgment asserting that the Tolleys' claims were barred by the applicable two-year statute of limitations. The remaining respondents joined in the motion. The Tolleys opposed the motion, asserting that they could not have known that respondents' operations caused or contributed to the flooding until engineering and hydrologic expert analysis was performed. In support of their opposition, the Tolleys submitted Mr. Tolley's affidavit stating that he lacked the technical expertise to determine the cause of the flooding, and an affidavit from their retained engineering expert, indicating that identifying responsible parties required professional analysis. The Tolleys' expert stated that in identifying the responsible parties, he relied on documents he received from the Division of Forestry in March 2023.

On August 11, 2025, the circuit court conducted a hearing on the motion. In its August 25, 2025, order granting summary judgment to respondents, the circuit court found that, by October 2022, the Tolleys were aware of their flood-related damage, knew that legal action was being contemplated, and had attended a meeting with counsel about potential litigation. The circuit court therefore concluded that the statute of limitations began to run no later than October 2022, after their October 13, 2022, meeting with their attorney, and that the action filed in February 2025 was untimely. This appeal of the circuit court's August 25, 2025, order followed.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

---

[2] The Tolleys' action was assigned Case No. CC-10-2025-C-36. By order entered July 2, 2025, the circuit court consolidated their action with Sue Tolley's action, assigned Case No. CC-10-2023-C-46. The latter was designated the lead case with all filings to be made therein.

2

On appeal, the Tolleys assert that the limitations period was tolled under the discovery rule until March 2023 because they did not know, and could not have known, the identity of potential defendants until their expert obtained information from the West Virginia Division of Forestry. They further assert that the affidavits they submitted, at the very least, create a genuine issue of material fact as to when they could have known the names of potential defendants. We disagree with both assertions.

Under *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009), the discovery rule requires determining when a plaintiff knew, or by the exercise of reasonable diligence should have known, the elements of a possible cause of action. *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 258, syl. pt. 5. A negligence claim accrues when the plaintiff knows, or by reasonable diligence should know: (1) that he has been injured; (2) the identity of the entity owing a duty and potentially having breached that duty; and (3) that the entity's conduct has a causal relation to the injury. Syl. Pt. 4, in part, *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997).[3] This is an objective standard focused on what a reasonably prudent person would or should have known. *Dunn*, syl. pt. 4. Further, a plaintiff is charged with knowledge of the factual, not the legal, basis for his claim. *Id.*

Upon review, we find no error in the circuit court's conclusion that the statute of limitations started to run on the Tolleys' claims no later than October 2022. By then, the Tolleys knew they had been injured and were actively encouraging others to join a planned lawsuit. They attended a community meeting led by their attorney for the express purpose of discussing potential litigation related to the flood. Although they argue that they could not identify potential defendants until their expert's March 2023 review of public records, it is well-established that mere ignorance of the exact nature of claims does not toll the statute of limitations. *See Parsons v. Herbert J. Thomas Mem'l Hosp. Ass'n*, No. 16-1178, 2017 WL 5513620, at *4 (W. Va. Nov. 17, 2017) (memorandum decision). Further, a plaintiff who is aware of his or her injury has an affirmative duty to investigate potential claims within the limitations period, including reviewing public records if necessary. *See Hardy v. 3M Co.*, 252 W. Va. 654, ___, 925 S.E.2d 464, 477 (2025) (explaining that becoming aware of an injury "triggers a duty to investigate the injury and its cause"). The limitations period is not tolled until a plaintiff, or expert, undertakes that investigation. *See Grimmett v. Wiseman Excavating, Inc.*, No. 19-0061, 2020 WL 4354928 (W. Va. July 30, 2020) (memorandum decision).[4] Indeed, the Tolleys simply state that their expert did not

---

[3] In addition to their negligence claim, the Tolleys alleged claims for trespass, nuisance, and "abatement." The circuit court analyzed all the Tolleys' claims together for statute of limitations purposes, and they do not contend on appeal that this was erroneous.

[4] In *Grimmett*, a November 2010 forest fire ignited an area of coal and other debris left behind by an older surface mining operation. In response to the coal debris fire, the WVDEP sought to hire contractors to excavate the burning area to extinguish the fire,

obtain the documents from the Division of Forestry necessary to identify Respondents until March 2023; they do not identify any facts in the record demonstrating that this could not have been accomplished in October 2022 with the exercise of reasonable diligence. Accordingly, we conclude that the circuit court did not err in dismissing the Tolleys' action based on the expiration of the two-year statute of limitations.[5]

For the foregoing reasons, we affirm the circuit court's August 25, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

regrade the land, place a soil cap over the affected area to prevent future fires, and plant new vegetation in the disturbed areas. Between February and March 2011, Wiseman Excavating performed work on the coal debris fire on behalf of WVDEP, as shown in WVDEP's public records of the project. Subsequently, in July 2013, a landslide began where Wiseman performed grading work, and it flowed onto the plaintiff's land. In April 2017, the plaintiff amended her suit to bring a claim against Wiseman. In arguing the claim against Wiseman was timely, the plaintiff's lawyer contended that it was not until a March 2017 deposition that he discovered for the first time that Wiseman performed work for WVDEP. The Supreme Court of Appeals of West Virginia rejected this argument and determined that the statute of limitations was not tolled by the discovery rule because Wiseman's identity was a matter of public record and that "[a]ny reasonable person . . . could have investigated what contractors DEP relied upon."

[5] The Tolleys do not contest the circuit court's conclusion that each of their claims was subject to a two-year statute of limitations.

4